CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
January 21, 2025
LAURA A. AUSTIN, CLERK
BY: s/ S. Neily, Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 7:22-CR-26 |
| v. ) | |
| ) | By: Michael F. Urbanski |
| ELMER LEWIS JOHNSON, JR., ) | Senior United States District Judge |
| Defendant-Petitioner ) | |

## MEMORANDUM OPINION

This matter comes before the court on Elmer Lewis Johnson, Jr.'s motion for a sentence reduction filed pursuant to 18 U.S.C. § 3582(c)(1)(A). Johnson's motion is dated June 3, 2024, and was received by the court on June 6, 2024. ECF No. 36. The Federal Public Defender was given an opportunity to file a supplemental motion on Johnson's behalf but declined to do so. ECF Nos. 39, 40. The government filed a response in opposition on September 3, 2024. As discussed more fully below, the court **DENIES** Johnson's motion.

I. Background

On June 21, 2022, Johnson entered into a Rule 11(c)(1)(C) plea agreement and pled guilty to one count of possessing a firearm in furtherance of a drug trafficking crime and using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c). Plea Agreement, ECF No. 2 at 1. Johnson and the government agreed that he would be sentenced to a period of incarceration of between 96 and 144 months. Id. at 2. On November 18, 2022, Johnson was sentenced to a term of 96 months to be served consecutively to a 6-month revocation sentence imposed in United States v. Johnson, No. 7:05-cr-22 (W.D.

Va. Nov. 23, 2022).[1] His term of incarceration is to be followed by a 4-year term of supervised release. J., ECF No. 26 at 1–3. Johnson currently is incarcerated at Federal Correctional Institution Cumberland and has a projected release date of March 31, 2027.[2]

Johnson seeks a sentence reduction based on his sister's health, his son's health, and his own rehabilitation. Mot., ECF No. 36 at 1. The government counters that Johnson did not properly exhaust his administrative remedies, none of the grounds he raises constitute extraordinary and compelling reasons warranting compassionate release, and the 18 U.S.C. § 3553(a) factors weigh against release. Resp., ECF No. 41 at 1.

## II. Compassionate Release

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, authorizes courts to modify terms of imprisonment as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

---

[1] On December 23, 2006, Johnson was sentenced to a term of 240 months to be followed by a 5-year term of supervised release, following conviction on two counts of possession with intent to distribute 50 grams of cocaine base and for being a felon in possession of a firearm. J., ECF No. 82 in 7:05-cr-22. On March 26, 2008, Johnson's sentence was reduced to 193 months in accordance with Amendment 9/706 of the United States Sentencing Guidelines. Am. J., ECF No. 95 in 7:05-cr-22. On October 18, 2011, Johnson's sentence was reduced further to 125 months, following Amendment 750 (parts A and C) to the Sentencing Guidelines. Second Am. J., ECF No. 101 in 7:05-cr-22.

[2] https://www.bop.gov/inmateloc/ (search term "11350-084") (last viewed Dec. 9, 2024).

2

> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Accordingly, Johnson's requested relief requires the court to consider (1) if he exhausted his administrative remedies; (2) if so, whether there are extraordinary and compelling reasons that warrant a reduction in his sentence; and (3) if so, what, if any, sentence reduction is appropriate after considering the applicable 18 U.S.C. § 3553(a) factors.

### A. Exhaustion

The court begins by considering the threshold requirement for obtaining relief under § 3582(c)(1)(A). United States v. Muhammad, 16 F. 4th 126, 129–30 (4th Cir. 2021). This requirement, which is non-jurisdictional, is "satisfied if a defendant requests the Bureau of Prisons to bring a motion [for compassionate release] on their behalf and either fully exhausts all administrative rights to appeal the Bureau's decision or waits 30 days from the date of their initial request to file a motion in the district court." Id. at 131.

The government points out that Johnson did not submit his request for compassionate release to the warden of his facility until July 15, 2024, which was almost six weeks after he filed his motion. Resp., ECF No. 41 at 6–7; 41-2; 41-3. While the exhaustion requirement is a non-jurisdictional claim-processing rule and can be waived by the government, Muhammad, 16 F.4th at 129–130, when the government raises exhaustion as a defense, the district court must address the issue. United States v. Spencer, No. 20-7171, 2022 WL 355775 (4th Cir. 2022) (per curiam). See also Rice v. Rivera, 617 F.3d 802, 810 (4th Cir. 2010) ("Claim-processing rules, by contrast, are to be rigidly applied when invoked by a litigant, but can be forfeited if not raised and pursued in a timely fashion.")

In this case, the evidence attached to the government's response shows that Johnson did not exhaust his administrative remedies before filing his motion for compassionate release and Johnson has not argued to the contrary. Because the court must "rigidly apply" the exhaustion requirement, it now finds that Johnson did not exhaust his administrative remedies and his motion is **DENIED** on that basis. In the alternative and as discussed below, the court also **DENIES** Johnson's motion on the merits.

### B. Merits

In considering the merits of Johnson's motion, the court notes that effective November 1, 2023, the United States Sentencing Commission amended the policy statement that addresses motions for sentence reduction under 18 U.S.C. § 3582(c)(1)(A) when a defendant alleges that extraordinary and compelling reasons warrant a reduction. See U.S. SENT'G COMM'N, GUIDELINES MANUAL § 1B1.13 (Nov. 2023) (USSG or guidelines). The revised policy statement will be applied to Johnson's motion.

Johnson contends that he is entitled to a sentence reduction because he needs to be able to help his sister who has lupus[3] and his son has been diagnosed with superior mesenteric artery (SMA) syndrome.[4] He states that his son's mother lost her job because she is caring for

---

[3] Lupus is an autoimmune disease that results in inflammation that can affect many different body systems, including joints, skin, kidneys, blood cells, brain, heart, and lungs. Signs and symptoms include fatigue, fever, joint pain, stiffness, and swelling, skin rashes and lesions, fingers and toes that turn white or blue when exposed to cold or during stressful periods, shortness of breath, chest pain, dry eyes, headaches, confusion, and memory loss. Most people with lupus have mild disease but also periods when signs and symptoms get worse for a while. Treatment includes nonsteroidal anti-inflammatory drugs, antimalarial drugs, corticosteroids, immunosuppressants, and biologics. https://www.mayoclinic.org/diseases-conditions/lupus/diagnosis-treatment/drc-20365790 (last viewed Dec. 10, 2024).

[4] SMA syndrome occurs when part of the small intestine that connects to the stomach is pinched by two arteries, which makes it harder for digested food and liquids to flow through the digestive system. Common symptoms include abdominal pain, abnormal weight loss, indigestion, nausea, and vomiting. https://www.umms.org/ummc/health-services/heart-vascular/services/vascular-disease/conditions/vascular-compressions/sma-syndrome (last viewed Dec. 10, 2024). Treatment may include

4

their son and she needs financial help that Johnson could provide if he were released from prison. In the request for compassionate release that Johnson submitted to the warden of his facility on July 15, 2024, he stated that the house in which his son lived with his mother and siblings had burned down that day and that they were homeless. Resp., ECF No. 41-2.

A defendant may show an extraordinary and compelling reason for a sentence reduction based on family circumstances when he can show the following:

> **(3) Family Circumstances of the Defendant.—**
>
> **(A)** The death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition.
>
> **(B)** The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> **(C)** The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.
>
> **(D)** The defendant establishes that circumstances similar to those listed in paragraphs (3)(A) through (3)(C) exist involving any other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver for such family member or individual. For purposes of this provision, 'immediate family member' refers to any of the individuals listed in paragraphs (3)(A) through (3)(C) as well as a grandchild, grandparent, or sibling of the defendant.

USSG § 1B1.13(b)(3).

---

feeding through a catheter, gastric decompression, electrolyte correction, fluid resuscitation, posture therapy, and surgery. https://www.webmd.com/digestive-disorders/what-is-superior-mesenteric-artery-syndrome (last viewed Dec. 10, 2024).

5

Johnson asserts that his sister is "currently battling lupus." Mot., ECF No. 36 at 1. However, he offers no further information about any degree of incapacitation that she may suffer and neither alleges nor provides any evidence that he is her only available caregiver. Without doing so, Johnson cannot make out a claim that he is entitled to a sentence reduction based on his sister's health issues. USSG § 1B1.13(b)(3)(D).

Regarding his son, the medical record Johnson provided the court indicates that his son is 19 years old. Med. R., ECF No. 36 at 5. To show that he qualifies for a sentence reduction under USSG § 1B1.13(b)(3)(A), Johnson must provide evidence that his son is incapable of self-care because of a physical or mental disability or medical condition and that his son's mother has become incapacitated such that she can no longer care for him. Johnson has not made that showing here. While Johnson's son has been diagnosed with a serious medical condition, there is no evidence before the court showing either that his son is incapable of self-care or that his son's mother is unable to provide whatever care he needs.

The court is sympathetic to the difficulties faced by Johnson's son and his mother and to Johnson's desire to care for them. However, the court cannot grant a sentence reduction in the absence of allegations and proof that his son is incapable of providing self-care and that his son's mother has become incapacitated. Accordingly, Johnson cannot show an extraordinary and compelling reason for a sentence reduction based on his son's health issues.

Finally, to the extent Johnson is alleging that his efforts at rehabilitation provide an extraordinary and compelling reason for a sentence reduction, his argument is foreclosed by USSG § 1B1.13(d), which provides that "pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy

6

statement." Rehabilitation "may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." Because Johnson has not alleged or provided evidence of any other extraordinary and compelling reason for a sentence reduction, the court will not consider his rehabilitation, although impressive, as a standalone reason for a sentence reduction.[5]

As Johnson has not shown an extraordinary and compelling reason for compassionate release, the court will not address the § 3553(a) factors. See United States v. Bethea, 54 F.4th 826, 833 (4th Cir. 2022) (describing the "extraordinary and compelling" reasons for relief as a threshold for eligibility); United States v. Elias, 984 F.3d 516, 519 (6th Cir. 2021) ("[D]istrict courts may deny compassionate release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others.")

### III. Conclusion

For the reasons stated herein, the court **DENIES** Johnson's motion for compassionate release, ECF No. 36, because it is unexhausted and, alternatively, on the merits.

An appropriate order will be issued.

It is so **ORDERED**.

Entered: January 17, 2025

Michael F. Urbanski
Senior United States District Judge

---

[5] Johnson provided evidence that he has had no disciplinary infractions since being incarcerated, is considered at low risk of recidivism, is housed in a minimum security facility, and has taken several classes. ECF No. 36 at 3–4.